# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 0 2 2015

JAMES N. ~~~~~, Clerk
By: ~~~~~~~
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ACCESS POINT FINANCIAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. |
| | ) | |
| | ) | 1:15-cv-0002  RWS |
| EXT-INDY SUITES, LLC; | ) | |
| RYSZARD J. ZADOW; CLAIRE J. | ) | |
| ZADOW; JERRY DEHNER; and | ) | |
| HYDE PARK CG, LLC, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| AND RELATED ACTIONS. | ) | |
| _____/ | ) | |

## ANSWER, DEFENSES, CROSS-CLAIM, AND COUNTERCLAIM
## OF RYSZARD J. ZADOW AND CLAIRE J. ZADOW

### ANSWER AND DEFENSES

Ryszard J. Zadow and Claire J. Zadow (the "Zadows"), by and through

undersigned counsel, file their Answer and Defenses to the Complaint filed by

Plaintiff in the above-styled matter, showing this honorable Court more

particularly as follows:

## FIRST DEFENSE

Plaintiff fails to state a claim against the Zadows upon which relief can be granted.

## SECOND DEFENSE

The Zadows assert the defense of lack of personal jurisdiction.

## THIRD DEFENSE

Venue is improper in this Court.

## FOURTH DEFENSE

The Zadows assert the defense of insufficiency of process.

## FIFTH DEFENSE

The Zadows assert the defense of insufficiency of service of process.

## SIXTH DEFENSE

Plaintiff's claims against the Zadows are barred by payment.

## SEVENTH DEFENSE

Plaintiff's claims against the Zadows are barred by release.

## EIGHTH DEFENSE

Plaintiff's claims against the Zadows are barred by waiver.

## NINTH DEFENSE

Plaintiff's claims against the Zadows are barred by accord and satisfaction.

### TENTH DEFENSE

Plaintiff's claims against the Zadows are barred by estoppel.

### ELEVENTH DEFENSE

Plaintiff's claims against the Zadows are barred in whole or in part by total or partial failure of consideration.

### TWELFTH DEFENSE

The Zadows assert the affirmative defense of duress.

### THIRTEENTH DEFENSE

Plaintiff has suffered no damages for which these defendants are liable.

### FOURTEENTH DEFENSE

Plaintiff's claims against the Zadows are barred, in whole or in part, by mistake.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

### SIXTEENTH DEFENSE

No act or omission on the part of the Zadows constituted willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

3

### SEVENTEENTH DEFENSE

Plaintiff is not entitled to recover punitive damages against the Zadows in any amount or in the amount sought in the Complaint under O.C.G.A. §51-12-5.1.

### EIGHTEENTH DEFENSE

Plaintiff's damages, if any, were the proximate result of its own acts or omissions or the acts or omissions of persons or parties other than the Zadows.

### NINETEENTH DEFENSE

Plaintiff's claims against the Zadows are barred, in whole or in part, based on Plaintiff's antecedent breaches of the subject agreements.

### TWENTIETH DEFENSE

Plaintiff's claims against the Zadows are barred, in whole or in part, by lack of mutuality of obligation.

### TWENTY-FIRST DEFENSE

Plaintiff's claims against the Zadows are barred, in whole or in part, by the equitable doctrine of unclean hands.

### TWENTY-SECOND DEFENSE

The Zadows answer the allegations in the Complaint's numbered paragraphs as follows:

4

1.

The Zadows deny that they, jointly or severally, presently owe any amounts

to Plaintiff based on the alleged loan and/or guaranty obligations.  The Zadows

deny the allegations in Paragraph 1 of the Complaint that either Ext-Indy Suites,

LLC ("Ext-Indy"), or Ryszard J. Zadow or Claire J. Zadow, individually or

collectively, misrepresented the financial capabilities of Ext-Indy, Ryszard J.

Zadow, and Claire J. Zadow to perform under their respective loan and guaranty

obligations.  The Zadows further deny the allegations in this Complaint paragraph

that they or Ext-Indy made misrepresentations to induce Plaintiff to loan money to

Ext-Indy.  The Zadows further deny that they had knowledge of, or authorized or

consented to, either Defendant Jerry Dehner ("Dehner") or Defendant Hyde Park

CG, LLC ("HPCG") making misrepresentations to Plaintiff.

2.

After reasonable inquiry, the Zadows lack knowledge or information

sufficient to form a belief as to the truth of the averments in Complaint Paragraph

2.  As such, the Zadows deny these averments and demands strict proof thereof.

3.

The Zadows admit that Ext-Indy is an Indiana limited liability company.

The Zadows deny that proper service of this Complaint could be made through

5

Ext-Indy's Indiana registered agent.  The Zadows further deny that Ext-Indy was

properly served with Summons and Complaint.

4.

The Zadows admit the allegations in the first sentence of Complaint

Paragraph 4.  The allegations in the second sentence merely recite what is set forth

in a written document, to which no response is required.  To the extent a response

is required, the Zadows state that the document referred to in this paragraph speaks

for itself and, the Zadows deny all allegations inconsistent therewith.  The Zadows

further deny the R. Zadow was served with Summons and Complaint in the

contractually required manner that Plaintiff alleges.

5.

The Zadows admit the allegations in the first sentence of Complaint

Paragraph 5.  The allegations in the second sentence merely recite what is set forth

in a written document, to which no response is required.  To the extent a response

is required, the Zadows state that the document referred to in this paragraph speaks

for itself and, the Zadows deny all allegations inconsistent therewith.  The Zadows

further deny that C. Zadow was served with Summons and Complaint in the

contractually required manner that Plaintiff alleges.

6.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 6. As such, the Zadows deny these averments and demand strict proof thereof.

7.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Complaint Paragraph 7. As such, the Zadows deny these allegations and demand strict proof thereof. As to the allegations in the second sentence of this Complaint paragraph, the Zadows admit that, at all times relevant to the subject matter of this lawsuit, they understood that Dehner was the managing partner of HPCG.

8.

The Zadows admit that they were parties to a forbearance agreement with Plaintiff. The Zadows deny that the document attached as Exhibit B to the Complaint is a true and correct copy of the forbearance agreement they signed with Plaintiff. The Zadows further deny that the forbearance agreement, or a forum selection clause contained therein, is relevant to the claims asserted by Plaintiff in this lawsuit. To the extent it is relevant, the Zadows state that the terms and

7

conditions of that written document speak for themselves and the Zadows deny all allegations in Complaint Paragraph 8 inconsistent therewith.

9.

The allegations in Complaint Paragraph 9 merely recite a statement of law to which no response is required. To the extent a response is required, the Zadows state that, after reasonable inquiry, they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 9. As such, the Zadows deny these allegations and demand strict proof thereof.

10.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 10. As such, the Zadows deny these allegations and demand strict proof thereof.

11.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 11. As such, the Zadows deny these averments and demand strict proof thereof.

12.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the allegation in Complaint Paragraph

12 concerning when Plaintiff submitted a term sheet to Dehner. The Zadows admit

that they received a copy of the term sheet, a true and correct copy of which is

attached as Exhibit C to the Complaint. The Zadows deny all other allegations in

this Complaint paragraph not expressly admitted herein.

### 13.

The allegations in Complaint Paragraph 13 merely restate what is in a

written document, the terms and conditions of which speak for themselves, and the

Zadows deny all allegations in this Complaint paragraph inconsistent therewith.

### 14.

Admitted.

### 15.

The Zadows deny the allegations in the first sentence of Complaint

Paragraph 15. The Zadows admit that Exhibit D to the Complaint contains a true

and correct copy of the Credit Application describing the First Mortgage.

### 16.

Admitted.

### 17.

Admitted.

9

18.

Admitted.

19.

The Zadows deny the allegations in the first sentence of Complaint
Paragraph 19. The Zadows admit that a true and correct copy of the Mortgage
Note is attached as Exhibit E to the Complaint.

20.

The Zadows deny the allegations in the first sentence of Complaint
Paragraph 20. The Zadows admit the allegations in the second sentence of this
Complaint paragraph. The Zadows further admit that a true and correct copy of the
Mortgage is attached as Exhibit F to the Complaint.

21.

The Zadows deny the allegations in the first sentence of Complaint
Paragraph 21. The allegations in the second sentence of this Complaint paragraph
merely restate what is in a written document, the terms and conditions of which
speak for themselves, and the Zadows deny all allegations in this Complaint
paragraph inconsistent therewith. The Zadows admit that a true and correct copy
of the Assignment of Rents is attached as Exhibit G to the Complaint.

22.

The Zadows deny the allegations in the first sentence of Complaint

Paragraph 22 concerning when Ext-Indy executed and delivered to Plaintiff a

Pledge, Security and Escrow Agreement. The remaining allegations in the first

sentence of this Complaint paragraph merely restate what is in a written document,

the terms and conditions of which speak for themselves, and the Zadows deny all

allegations in this Complaint paragraph inconsistent therewith. The Zadows admit

that a true and correct copy of the Pledge, Security and Escrow Agreement is

attached as Exhibit H to the Complaint.

23.

The Zadows deny the allegations in the first sentence of Complaint

Paragraph 23 concerning when they executed and delivered to Plaintiff the

Guaranty. The remaining allegations in the first sentence of this Complaint

paragraph merely restate what is in a written document, the terms and conditions of

which speak for themselves, and the Zadows deny all allegations in this Complaint

paragraph inconsistent therewith. The Zadows admit that a true and correct copy

of the Guaranty is attached as Exhibit A to the Complaint.

24.

The Zadows deny the allegations in the first sentence of Complaint

Paragraph 24 concerning when Ext-Indy executed and delivered to Plaintiff the

Loan Agreement. The remaining allegations in the first sentence of this Complaint

paragraph merely restate what is in a written document, the terms and conditions of

which speak for themselves, and the Zadows deny all allegations in this Complaint

paragraph inconsistent therewith. The Zadows admit that a true and correct copy

of the Loan Agreement is attached as Exhibit I to the Complaint.

25.

The Zadows deny the allegations in the first sentence of Complaint

Paragraph 25 concerning when Ext-Indy executed and delivered to Plaintiff the

Cap-ex Note. The remaining allegations in the first sentence of this Complaint

paragraph merely restate what is in a written document, the terms and conditions of

which speak for themselves, and the Zadows deny all allegations in this Complaint

paragraph inconsistent therewith. The Zadows admit that a true and correct copy

of the Cap-ex Note is attached as Exhibit J to the Complaint.

26.

The Zadows deny the allegations in the first sentence of Complaint

Paragraph 26 concerning when they executed and delivered to Plaintiff the Cap-ex

12

Guaranty. The remaining allegations in the first sentence of this Complaint paragraph merely restate what is in a written document, the terms and conditions of which speak for themselves, and the Zadows deny all allegations in this Complaint paragraph inconsistent therewith. The Zadows admit that a true and correct copy of the Cap-ex Guaranty is attached as Exhibit K to the Complaint.

27.

The Zadows deny the allegations in the first sentence of Complaint Paragraph 27 concerning when they executed and delivered to Plaintiff the Guarantor Pledge Agreement. The remaining allegations in the first sentence of this Complaint paragraph merely restate what is in a written document, the terms and conditions of which speak for themselves, and the Zadows deny all allegations in this Complaint paragraph inconsistent therewith. The Zadows admit that a true and correct copy of the Guarantor Pledge Agreement is attached as Exhibit L to the Complaint.

28.

The Zadows admit that Ext-Indy signed the Closing Statement attached as Exhibit M to the Complaint, but denies that Ext-Indy did so on August 30, 2013. Ext-Indy did not execute this particular Closing Statement until September 9, 2013.

13

29.

The Closing Statement speaks for itself and the Zadows deny all allegations in Complaint Paragraph 29 inconsistent therewith.

30.

Denied, as stated.

31.

The Zadows deny that the joint personal financial statement attached as Exhibit N is the same document that they submitted to Plaintiff in connection with the underlying transaction that is the subject matter of this dispute.

32.

The Zadows deny that the joint personal financial statement attached as Exhibit N is the same document that they submitted to Plaintiff in connection with the underlying transaction that is the subject matter of this dispute. Since Plaintiff's allegations are based on a document that neither Ext-Indy nor the Zadows submitted or authorized to be submitted, the Zadows deny the allegations in Complaint Paragraph 32.

33.

Denied.

14

34.

After reasonable inquiry, the Zadows lack knowledge or information

sufficient to form a belief as to the truth of the allegations in Complaint Paragraph

34 concerning Plaintiff's understanding of the status of the Zadows' IRA accounts

and the stocks and bonds they held. By way of further response, the Zadows state

that, on or about August 7, 2013, they informed Dehner that the Zadows' self-

directed IRAs were already in the form of notes receivable, as indicated in the

financial information the Zadows had previously given to Dehner and HPCG.

Before the loan documents were executed, Ext-Indy and the Zadows told Dehner

and HPCG that their personal retirement accounts and stock and bond holdings

were not accessible as equity contributions. Ext-Indy and the Zadows were relying

on Dehner and HPCG to convey this information to Plaintiff. To the extent not

expressly admitted herein, the Zadows deny the remaining allegations in this

Complaint paragraph and demand strict proof thereof.

35.

After reasonable inquiry, the Zadows lack knowledge or information

sufficient to form a belief as to the truth of the allegations in Complaint Paragraph

35. As such, the Zadows deny these allegations and demand strict proof thereof.

By way of further response, the Zadows deny that they authorized or consented to

Dehner or HPCG approving a Closing Statement indicating that they would be required to make an equity contribution in any amount, and further deny that they authorized or consented to Dehner or HPCG approving or submitting to Plaintiff a personal financial statement in the form attached as Exhibit N to the Complaint.

36.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 36 concerning what information Plaintiff did or did not rely on in deciding whether to loan money to Ext-Indy. By way of further response, the Zadows deny that the personal financial information attached as Exhibit N to the Complaint, and upon which Plaintiff allegedly relied, is the same document that the Zadows submitted to Dehner and HPCG in connection with the underlying transaction that is the subject matter of this dispute.

37.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 37 concerning what information Plaintiff did or did not rely on in deciding whether to loan money to Ext-Indy. By way of further response, the Zadows deny that either they or Ext-Indy made statements to Plaintiff that Ext-Indy or the Zadows

16

had the financial ability to fund the equity contribution. To the extent that Dehner or HPCG made such a statement (or statements) to Plaintiff, such conduct was without the permission or consent of Ext-Indy and the Zadows, and such statements, in fact, were contrary to information and instructions that Ext-Indy and the Zadows had furnished Dehner and HPCG to provide to Plaintiff. To the extent not expressly admitted herein, the Zadows deny all other averments in this Complaint paragraph and demand strict proof thereof.

38.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 38. As such, the Zadows deny these allegations and demand strict proof thereof.

39.

The Zadows admit that Dehner and HPCG knew that Ext-Indy and the Zadows did not have the financial ability to make the equity contribution. The Zadows, however, deny that they told Dehner or HPCG that Ext-Indy or the Zadows did not have the financial capability to repay the loans. By way of further response, the Zadows deny that they represented to Plaintiff that Ext-Indy or the Zadows had the financial capability to make the equity contribution, and the Zadows further deny that they authorized Dehner or HPCG to make such

17

representation to Plaintiff.  To the extent that Dehner or HPCG made such representations to Plaintiff, they did so without the permission or consent of Ext-Indy and the Zadows and, in fact, did so contrary to information and instructions that Ext-Indy and the Zadows had furnished for purposes of providing to Plaintiff. The Zadows further state that, upon information and belief, Dehner and HPCG made alleged misrepresentations to Plaintiff in order to induce Plaintiff to pay these Defendants their agreed upon commission, but that these misrepresentations were made without the knowledge, consent, or approval of Ext-Indy or the Zadows.

40.

The Zadows deny the allegations in Complaint Paragraph 40 that Ext-Indy or the Zadows gave assurances to Plaintiff that Ext-Indy could make the equity contribution; to the contrary Ext-Indy and the Zadows repeatedly told Dehner and HPCG that Ext-Indy could not put up any equity as part of these loan transactions. As such, the Zadows admit that Ext-Indy did not make the equity contribution required under the Loan Agreement (the "Equipment Loan").  To the extent not expressly admitted herein, the Zadows deny all other averments in this complaint paragraph and demand strict proof thereof.

18

41.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 41 concerning when Dehner and HPCG submitted a Hotel renovation budget to Plaintiff.  By way of further response, the Zadows deny that they or Ext-Indy furnished Plaintiff with such a budget on September 5, 2013.  To the extent not expressly admitted herein, the Zadows deny all other averments in this Complaint paragraph and demands strict proof thereof.

42.

The Zadows deny that they or Ext-Indy misrepresented to Plaintiff the Hotel renovation budget.  The Zadows further state that, to the extent that Dehner and/or HPCG made such misrepresentations to Plaintiff, they did so without the knowledge, approval, or consent of the Zadows or Ext-Indy.  To the extent not expressly admitted herein, the Zadows deny all other averments in this Complaint paragraph and demand strict proof thereof.

43.

The Zadows admit that Plaintiff sent Ext-Indy a letter dated October 12, 2013 claiming that Ext-Indy was in default, and that a true and correct copy of this letter is attached as Exhibit O to the Complaint.

19

44.

The Zadows admit that Plaintiff sent Ext-Indy a letter dated November 15, 2013 claiming that Ext-Indy was in default, and that a true and correct copy of this letter is attached as Exhibit P to the Complaint.  The letter speaks for itself and Ext-Indy denies all allegations inconsistent therewith.

45.

The allegations in Complaint Paragraph 45 merely restate what is in a written document, the terms and conditions of which speak for themselves, and the Zadows deny all allegations in this Complaint paragraph inconsistent therewith.

46.

The allegations in Complaint Paragraph 46 merely restate what is in a written document, the terms and conditions of which speak for themselves, and the Zadows deny all allegations in this Complaint paragraph inconsistent therewith.

47.

Denied.

48.

Denied.

49.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 49 concerning when Plaintiff agreed to enter into a Forbearance Agreement. Regardless of when Plaintiff may have consciously decided to enter into such an agreement, Plaintiff did not in fact do so until, at the earliest, December 19, 2013. As such, the Zadows deny the allegations in this Complaint paragraph and demands strict proof thereof.

50.

The allegations in Complaint Paragraph 50 merely restate what is in a written document, the terms and conditions of which speak for themselves, and the Zadows deny all allegations in this Complaint paragraph inconsistent therewith.

51.

The allegations in Complaint Paragraph 51 merely restate what is in a written document, the terms and conditions of which speak for themselves, and the Zadows deny all allegations in this Complaint paragraph inconsistent therewith.

52.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph

52.  As such, the Zadows deny the allegations in this Complaint paragraph and demands strict proof thereof.

53.

The allegations in Complaint Paragraph 53 merely restate what is in a written document, the terms and conditions of which speak for themselves, and the Zadows deny all allegations in this Complaint paragraph inconsistent therewith.

54.

Admitted.

55.

Denied.

56.

Denied.

57.

The Zadows deny the allegations in the first sentence of Complaint Paragraph 57.  The allegations in the second sentence of this Complaint paragraph merely restate restate what is in a written document, the terms and conditions of which speak for themselves, and the Zadows deny all allegations in this Complaint paragraph inconsistent therewith.

22

58.

Admitted.

59.

The allegations in Complaint Paragraph 59 merely restate what is in a written document, the terms and conditions of which speak for themselves, and the Zadows deny all allegations in this Complaint paragraph inconsistent therewith.

60.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 60 regarding Plaintiff's concerns about repeated extensions of Ext-Indy's proposed sale of the Property to a third-party. By way of further response, the Zadows state that the remaining allegations in Complaint Paragraph 60 merely restate what is in a written document, the terms and conditions of which speak for themselves, and the Zadows deny all allegations in this Complaint paragraph inconsistent therewith.

61.

The Zadows admit that Plaintiff terminated the Forbearance Agreement. The Zadows deny all other allegations in Complaint Paragraph 61.

62.

The Zadows admit that Plaintiff sent Ext-Indy a letter dated October 9, 2014

claiming that Ext-Indy was in default, and that a true and correct copy of this letter

is attached as Exhibit Q to the Complaint.  The Zadow Defendants deny that Ext-

Indy was then or is now in default under the Loan Documents.

63.

The Zadows admit that Plaintiff notified Ext-Indy and the Zadows of

Plaintiff's alleged right to recover attorney fees.  The Zadows deny that Plaintiff is

entitled to recover attorney fees in the amount Plaintiff claims.

64.

Denied.

## **COUNT ONE – BREACH OF CONTRACT**

### **(Against Ext-Indy, C. Zadow, and R. Zadow)**

65.

The Zadows re-allege, adopt, and incorporate herein their response to

Paragraphs 1 through 64 above as if fully set forth herein.

66.

Denied, as stated.

24

67.

Denied.

68.

Denied.

## COUNT TWO – FRAUD

### (Against All Defendants)

69.

The Zadows re-allege, adopt, and incorporate herein their response to
Paragraphs 1 through 68 above as if fully set forth herein.

70.

The Zadows deny that they or Ext-Indy misrepresented the financial
condition of Ext-Indy.  The Zadows further deny that they or Ext-Indy authorized
Dehner or HPCG to misrepresent the financial condition of Ext-Indy, the Zadows,
or both, to Plaintiff.  The Zadows further deny the allegations in Complaint
Paragraph 70 that they or Ext-Indy did not have the financial ability to repay the
loans; in fact, the loans were repaid.  By way of further response, the Zadows state
that Ext-Indy never took draws on the Equipment Loan, and Plaintiff ultimately
cancelled this loan, and Ext-Indy made its payments under the property Mortgage
Note.  The Zadows further deny Plaintiff's allegations that Ext-Indy was required

25

to make the equity contribution under the Equipment Loan.  Since Ext-Indy never made a draw on this loan, the equity contribution requirement never was triggered.

71.

The Zadows deny that the personal financial statement on which Plaintiff bases its allegations in Complaint Paragraph 71 is the personal financial statement that Ext-Indy or the Zadows submitted to Plaintiff, or that Ext-Indy or the Zadows authorized Dehner or HPCG to submit to Plaintiff.  As to funds that Ext-Indy and the Zadows had "at their disposal", the Zadows deny that they or Ext-Indy misrepresented to Plaintiff available funds.

72.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 72 concerning Plaintiff's understanding of the status of the Zadows' IRA accounts and the stocks and bonds they held.  By way of further response, the Zadows state that, on or about August 7, 2013, they informed Dehner that the Zadows' self-directed IRAs were already in the form of notes receivable, as indicated in the financial information the Zadows had previously given to Dehner and HPCG. Before the loan documents were executed, Ext-Indy and the Zadows told Dehner and HPCG that their personal retirement accounts and stock and bond holdings

26

were not accessible as equity contributions. Ext-Indy and the Zadows were relying on Dehner and HPCG to convey this information to Plaintiff. To the extent not expressly admitted herein, the Zadows deny the remaining allegations in this Complaint paragraph and demand strict proof thereof.

73.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 73. As such, the Zadows deny these averments and demand strict proof thereof.

74.

Denied.

75.

Denied, as stated.

76.

The Zadows admit that Dehner and HPCG submitted a budget to Plaintiff; however, the Zadows deny that they reviewed or approved this budget before it was submitted by Dehner and/or HPCG. Moreover, the Zadows deny that they or Ext-Indy told Plaintiff, Dehner or HPCG that they or Ext-Indy could make the equity contribution as part of the Equipment Loan.

27

77.

The Zadows deny that they knew or reasonably could have known that the renovation of the Hotel would cost far more than $2,000,999.30.

78.

The Zadows deny the allegations in Complaint Paragraph 78 that they or Ext-Indy made misrepresentations to Plaintiff about Ext-Indy's or their ability to meet their respective financial obligations under the Loan Documents. The Zadows further deny that they authorized or consented to either Dehner or HPCG misrepresenting to Plaintiff the financial condition of Ext-Indy or the Zadows. The Zadows further deny that Ext-Indy's obligation to fund the equity contribution materialized since Ext-Indy never drew money from the Equipment Loan.

79.

Denied.

80.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 80. As such, the Zadows deny these averments and demand strict proof thereof.

81.

Denied.

28

82.

Denied.

83.

The Zadows deny that Plaintiff is entitled to recover punitive damages, in the amount alleged or in any other amount, from Ext-Indy or the Zadows.

## **COUNT THREE – NEGLIGENT MISREPRESENTATION**

### **(Against All Defendants)**

84.

The Zadows re-allege, adopt, and incorporate herein their response to Paragraphs 1 through 83 above as if fully set forth herein.

85.

Denied.

86.

The Zadows deny that either they or Ext-Indy made misrepresentations to Plaintiff, at any time, regarding Ext-Indy's ability to repay the loans, to make the equity contribution, or related to the amount of funds necessary to renovate the Hotel. The Zadows further deny that they authorized or consented to either. Dehner or HPCG misrepresenting to Plaintiff the financial condition of Ext-Indy or the Zadows.

29

87.

The Zadows deny the allegations in Complaint Paragraph 87 the information contained in the Personal Financial Statement they submitted to Dehner and HPCG showed that they or Ext-Indy had at their disposal amounts in their IRAs and stocks in the amounts alleged. To the extent that Dehner and/or HPCG provided erroneous information to Plaintiff upon which Plaintiff relied, this was done with the knowledge, approval or consent of the Zadows or Ext-Indy.

88.

After reasonable inquiry, the Zadows lack knowledge or information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 88 concerning when Plaintiff learned that the assets from the Zadows' IRA and stocks and bonds were encumbered as collateral for a separate debt. The Zadows deny that they or Ext-Indy misrepresented to Plaintiff the condition of these assets. The Zadows further deny that they or Ext-Indy authorized or consented to either Dehner or HPCG misrepresenting to Plaintiff the condition of these assets.

89.

The Zadows deny that they or Ext-Indy represented to Plaintiff that they or Ext-Indy had the ability to make the equity contribution. The Zadows further deny that they or Ext-Indy authorized or consented to either Dehner or HPCG

misrepresenting to Plaintiff that the Zadows or Ext-Indy had the ability to make the equity contribution. The Zadows further deny that the Closing Statement indicated that Ext-Indy or the Zadows had such sufficient funds. The Zadows further deny that the Personal Financial Statement allegedly relied on by Plaintiff is a statement that the Zadows or Ext-Indy submitted in connection with the subject loans or authorized Dehner or HPCG to submit to Plaintiff in their behalf.

90.

The Zadows deny the allegations in Complaint Paragraph 90 as to Ext-Indy and the Zadows.

91.

The Zadows deny that Plaintiff relied on statements made by Ext-Indy or the Zadows to Plaintiff since Ext-Indy or the Guarantors had no direct communication with the Plaintiff prior to or at the time of closing of these loans. The Zadows further deny that they or Ext-Indy authorized or consented to either Dehner or HPCG making false statements to Plaintiff. By way of further response, the Zadows state that the Personal Financial Statement upon which Plaintiff bases its allegations is not the same document that the Zadows or Ext-Indy filled out or authorized Dehner or HPCG to submit to Plaintiff.

31

92.

The Zadows deny the allegations in Complaint Paragraph 92 as to Ext-Indy and the Zadows.

93.

The Zadows deny the allegations in Complaint Paragraph 93 as to Ext-Indy and the Zadows.

## COUNT FOUR – ATTORNEY'S FEES AND COSTS

### (Against Ext-Indy, C. Zadow, and R. Zadow)

94.

The Zadows re-allege, adopt, and incorporate herein their response to Paragraphs 1 through 93 above as if fully set forth herein.

95.

The allegations in Complaint Paragraph 95 merely restate what is in a written document, the terms and conditions of which speak for themselves, and the Zadows deny all allegations in this Complaint paragraph inconsistent therewith.

96.

The allegations in Complaint Paragraph 96 merely restate what is in a written document, the terms and conditions of which speak for themselves, and the Zadows deny all allegations in this Complaint paragraph inconsistent therewith.

97.

The allegations in Complaint Paragraph 97 merely restate what is in a written document, the terms and conditions of which speak for themselves, and the Zadows deny all allegations in this Complaint paragraph inconsistent therewith. By way of further response, the Zadows state that they have repeatedly requested of Plaintiff written proof of the attorney fees incurred by Plaintiff in connection with this matter but, to date, Plaintiff has failed and refused to provide proof of such fees.

**WHEREFORE,** having fully answered Plaintiff's Complaint, the Zadows demand judgment in their favor, with all costs of this action being assessed against Plaintiff.

## CROSS-CLAIM AGAINST DEHNER AND HPCG

Subject to and without waiving its affirmative defenses of lack of personal jurisdiction and improper venue, as Guarantors under the Loan Agreements, Ryszard J. Zadow and Claire J. Zadow ("Zadows") file this Cross-claim against Defendants Jerry Dehner ("Dehner") and Hyde Park CG, LLC ("HPCG") pursuant to Fed. R. Civ. P. 13, stating as follows:

1.

By virtue of filing a Cross-Claim against Ext-Indy, Dehner and HPCG have submitted themselves to the Court's jurisdiction.

2.

HPCG acted as the agent for Ext-Indy and its principals in connection with the Loan Transactions.

3.

As Ext-Indy's agent, HPCG owed Ext-Indy and its principals certain duties, including the duty to make good for any loss or damage suffered by Plaintiff for which Ext-Indy is or may be liable as a result of the acts, errors or omissions of HPCG or its principals.

4.

The misconduct giving rise to Plaintiff's claims for fraud and negligent misrepresentation result solely from the acts, errors, and omissions of HPCG and Dehner acting in the capacity as Ext-Indy's agent.

5.

As the principals of Ext-Indy, as well as the Guarantors of Ext-Indy's obligations under the Loan Documents, the Zadows deny that they authorized, approved, or consented to Dehner and/or HPCG making any misrepresentations to

Plaintiff; however, to the extent the negligence or willful misconduct of HPCG and/or Dehner is imputed to Ext-Indy and/or the Zadows as the Guarantors, then the Zadows are entitled to indemnification from HPCG.

6.

As such, if Ext-Indy is compelled to pay damages to Plaintiff as the result of its fraud or negligent misrepresentation claims set out in the Complaint then HPCG, as Ext-Indy's agent, must indemnify Ext-Indy from all such damages awarded, as well as all attorney fees and expenses of litigation incurred in connection with defending such claims.

## PRAYER FOR RELIEF ON CROSS-CLAIM

**WHEREFORE**, the Zadows demand a jury trial on their Cross-claim and, with respect to said Cross-claim, the Zadows pray for the following relief:

(a)     The Zadows be indemnified by HPCG for any judgment obtained by Plaintiff against Ext-Indy and/or the Zadows on Counts Two or Three of the Complaint, including indemnification for damages and attorney fees and expenses; and

(b)     The Zadows receive such other and further relief on its Cross-claim as this Court deems just and proper under the circumstances.

## COUNTERCLAIM FOR DAMAGES

Subject to and without waiving its affirmative defenses of lack of personal jurisdiction and improper venue, as Guarantors under the Loan Agreements, pursuant to Fed. R. Civ. P. 13, Plaintiffs-in-Counterclaim Ryszard J. Zadow and Claire J. Zadow ("Zadows") have joined in the Counterclaim for Damages ("Counterclaim") contemporaneously filed by Ext-Indy Suites, LLC and the Zadows incorporate same as if fully set forth herein.

Respectfully submitted this 2nd day of January, 2015.

**THRASHER LISS & SMITH LLC**

G. Scott Walters
Georgia Bar No. 735610
swalters@tlslaw.com

Five Concourse Parkway
Suite 2600
Atlanta, Georgia 30328
Telephone: (404) 760-6000
Facsimile: (404) 760-0225

*Attorney for Ryszard J. Zadow and
Claire J. Zadow*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), G. Scott Walters hereby certifies that the

foregoing **Answer, Defenses Cross-Claim, and Counterclaim of Ryszard J.**

**Zadow And Claire J. Zadow** has been prepared in compliance with Local Rule

5.1(B) in a 14-point Times New Roman type face.

G. Scott Walters

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ACCESS POINT FINANCIAL, INC.,   ) | |
|      ) | |
|     Plaintiff,   ) | |
|      ) | |
| v.   ) | Civil Action File No. |
|      ) | |
|      ) | 1:15-cv-0002_____ |
| EXT-INDY SUITES, LLC;   ) | |
| RYSZARD J. ZADOW; CLAIRE J.   ) | |
| ZADOW; JERRY DEHNER; and   ) | |
| HYDE PARK CG, LLC,   ) | |
|      ) | |
|     Defendants,   ) | |
|      ) | |
| AND RELATED ACTIONS.   ) | |
| _____/   ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and

foregoing **Answer, Defenses, Cross-Claim, and Counterclaim of Ryszard J.**

**Zadow and Claire J. Zadow** upon all other parties to this action, by depositing a

true and correct copy of the same in the United States Mail, in a properly addressed

envelope, with adequate postage attached thereto in order to ensure delivery, and

addressed as follows:

John F. Isbell, Esq.
Alexandra J. Chanin, Esq.
Thompson Hine LLP

Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia  30326
*Attorneys for Plaintiff*

Eric Ludwig, Esq.
Zachary S. Lewis, Esq.
Hawkins Parnell Thackston & Young, LLP
4000 SunTrust Plaza
303 Peachtree Street NE
Atlanta, Georgia  30308-3243
*Attorneys for Defendants Jerry Dehner and Hyde Park CG, LLC*

This 2nd day of January, 2015.

G. Scott Walters
Georgia Bar No. 735610
swalters@tlslaw.com

**THRASHER LISS & SMITH LLC**
Five Concourse Parkway
Suite 2600
Atlanta, Georgia  30328
T: (404) 760-6000
F: (404) 760-0225

*Attorney for Ryszard J. Zadow and
Claire J. Zadow*