IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACCESS POINT FINANCIAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:15-cv-0002-RWS |
| | ) |
| EXT-INDY SUITES, LLC; | ) |
| RYSZARD J. ZADOW; CLAIRE J. | ) |
| ZADOW; JERRY DEHNER; and | ) |
| HYDE PARK CG, LLC, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| AND RELATED ACTIONS. | ) |

**DEFENDANTS JERRY DEHNER AND HYDE PARK CG, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF ACCESS POINT FINANCIAL, INC.'S MOTION TO STRIKE AFFIRMATIVE DEFENSES OR IN THE ALTERNATIVE MOTION FOR LEAVE TO PLEAD**

Plaintiff's Motion to Strike should be denied. The affirmative defenses of which Plaintiff complains are contained in a pleading filed on December 9, 2014, in the Superior Court of DeKalb County to which the Federal Rules of Civil Procedure did not apply.

This action was removed from the DeKalb County Superior Court on January 2, 2015 by another party unrelated to Defendants Jerry Dehner ("Dehner") and Hyde Park CG, LLC ("HPCG") (Doc. # 1). Plaintiff now moves the Court pursuant to Rule 12(f) to strike the affirmative defenses of Defendants Dehner

1

HPCG that were filed in state court on the basis that they fail to comply with federal pleading requirements.

Plaintiff's argument presupposes that the Federal Rules of Civil Procedure apply retroactively to state court filings. If that is the case then Plaintiff's Motion to Strike is untimely.  Rule 12(f) provides:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, ***within 21 days after being served with the pleading.*** (emphasis added).

Plaintiff did not move to strike Dehner's or HPCG's affirmative defenses within 21 days of being served with the pleading in which those affirmative defenses were raised.  Accordingly, Plaintiff's Motion to Strike should be denied as untimely.

Regardless, Dehner and HPCG respectfully request that the Court deny Plaintiff's Motion, or in the alternative, grant Dehner and HPCG leave to: (i) file an amended answer and affirmative defenses; or (ii) file a motion to dismiss.[1]  As previously stated, Plaintiff originally filed this action in state court.  Dehner and HPCG filed their answer, which included affirmative defenses, in state court.

---

[1] It is well likely that the fraud based claims asserted by Plaintiff against Dehner and HPCG fail to meet the federal pleading requirements and are therefore subject to dismissal.

2

Plaintiff did not move to strike those affirmative defenses in state court.  It was only after this action was removed to federal court that Plaintiff seeks to impose a federal pleading standard rejected by this court on a state court pleading.

As Plaintiff admits, the Eleventh Circuit has not addressed "whether the standards of *Iqbal* and *Twombly* apply to affirmative defenses." Motion to Strike, p. 2 (Doc. # 12-1).  However, this Court has previously held that *Iqbal* and *Twombly* do not apply to affirmative defenses.  *Floyd v. SunTrust Banks, Inc*., 2011 WL 2441744, *7-8 (N.D. Ga. June 13, 2011) (J. Story) ("[d]efendants are not required to meet the heightened standard of Iqbal and Twombly").  As this Court noted in *Floyd,* "[m]otions to strike [affirmative Answers] are typically denied 'unless the matter sought to be admitted has no possible relationship to the controversy, may confuse the issue, or otherwise prejudice a party.'" *Id.* citing *Allen v. Life Ins. Co. of No. Am.*, 267 F.R.D. 407, 410 (N.D. Ga. 2009).

Striking a pleading is a "drastic remedy" that courts should use "sparingly" and "only when required for the purposes of justice." *Graphic Packaging Intern., Inc. v. C.W. Zumbiel Co*., 2011 WL 5829674, *2 (N.D. Ga. Aug. 1, 2011). Motions to strike are typically denied "unless the matter sought to be admitted has no possible relationship to the controversy, may confuse the issue, or otherwise prejudice a party." *Floyd*, citing *Allen v. Life Ins. Co. of No. Am*., 267 F.R.D. 407, 410 (N.D.Ga.2009).  As this Court noted in *Floyd*, "when one considers that a

defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair. 'Unlike plaintiffs, defendants do not have the luxury of prefiling investigation.... [R]equiring factual pleading of affirmative defenses is likely to accomplish little more than encouraging a flurry of motions to strike affirmative defenses." *Id.*  Unfortunately, the fact that *Iqbal* and *Twobmbly* are inapplicable does not seem sufficient to prevent a flurry of motions in this case.

If the Court determines that the heightened pleading requirements of *Iqbal* and *Twombly* apply to Dehner's and HPCG's affirmative defenses, or that those affirmative defenses are otherwise inadequate under federal pleading standards, then they respectfully request that the Court grant them leave to either: (i) file an amended pleading; or (ii) file a motion to dismiss the complaint.  "District courts have broad discretion to grant or deny leave to amend[,]" and "[i]n the absence of undue delay, bad faith, dilatory motive, or undue prejudice, leave to amend is routinely granted." *White v. Creative Hairdressers Inc.*, 503 Fed.Appx. 938, 940 (11th Cir.2013) *citing Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1404 (11th Cir.1994). Plaintiff has cited no undue delay, bad faith, dilatory motive or undue prejudice that would establish that leave to amend should be denied.

## IV. CONCLUSION

For the reasons set-forth above, Dehner and HPCG respectfully request that the Court deny Plaintiff's Motion to Strike or, in the alternative, grant them leave to amend their Answer.

Respectfully submitted this 6th day of February, 2015.

        **HAWKINS PARNELL**
          **THACKSTON & YOUNG** LLP

        */s/Eric Ludwig*
        Eric Ludwig, Esq.
        Georgia Bar No. 076224

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243
404-614-7400

        and

        **STRAUSS TROY CO., LPA**

        Thomas P. Glass, Esq.
        Ohio Bar No. 0062382
        (*Pro hac vice* pending)

The Federal Reserve Building
150 East Fourth Street
Cincinnati, OH 45202-4018
(513) 621-2120 – Telephone    Counsel for Defendants
(513) 629-9426 – Facsimile     Hyde Park CG, LLC and Jerry Dehner

I also certify that, pursuant to LR 5.1B, ND Ga., the above document was prepared in Times New Roman 14 pt. font.

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS JERRY DEHNER AND HYDE PARK CG, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF ACCESS POINT FINANCIAL, INC.'S MOTION TO STRIKE AFFIRMATIVE DEFENSES OR IN THE ALTERNATIVE MOTION FOR LEAVE TO PLEAD** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

G. Scott Walters
Thrasher Liss & Smith LLC
Five Concourse Parkway
Suite 2600
Atlanta, GA 30328

John F. Isbell, Esq.
Alexandra J. Chanin
Thompson Hine LLP
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, GA  30326

**HAWKINS PARNELL THACKSTON & YOUNG LLP**

*/s/Eric Ludwig*
Eric Ludwig, Esq.
Georgia Bar No. 076224

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243            Counsel for Defendants
404-614-7400                            Hyde Park CG, LLC and Jerry Dehner

6

11195254v.1