IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACCESS POINT FINANCIAL, INC., : | |
| : | |
| Plaintiff and : | |
| Counter-Defendant, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:15-CV-0002-RWS |
| EXT-INDY SUITES, LLC; : | |
| RYSZARD J. ZADOW; CLAIRE : | |
| J. ZADOW; JERRY DEHNER; : | |
| and HYDE PARK CG, LLC, : | |
| : | |
| Defendants and Counter- : | |
| Claimants; Cross-Claimants : | |
| and Cross-Defendants. : | |
| : | |

## **ORDER**

This case comes before the Court on Defendants Ext-Indy Suites, LLC, Ryszard J. Zadow and Claire J. Zadow's Motion for Leave to File Second Amended Counterclaim for Damages and Incorporated Memorandum of Law in Support Thereof ("Defendants' Motion for Leave to Amend") [61] and Access Point Financial, Inc.'s Motion for Leave to File Surreply [68]. After reviewing the record, the Court enters the following Order.

**Background**

This action arises out of a complex arrangement between Plaintiff Access Point Financial, Inc. ("APF") and Defendant Ext-Indy Suites, LLC ("Ext-Indy"). This arrangement, which had as its end goal the conversion of an Extend-A-Suites Hotel into a Clarion Hotel, is outlined more fully in the Court's Order of August 28, 2015 [65].

In the course of their dealings, the parties entered into a number of agreements, including an Equipment Agreement, a Mortgage and Security Agreement, and a Mortgage Note. Ext-Indy defaulted on the loans and APF filed suit in the Superior Court of DeKalb County on October 15, 2014. Defendants removed the action to this Court on January 2, 2015 and Ext-Indy and the Zadows asserted counterclaims against APF. (Dkt. [3], [4].) Defendants amended their counterclaims on February 12, 2015. (Dkt. [23], [24].) Defendants now seek leave to amend their counterclaims a second time to add a counterclaim for fraudulent inducement. (Dkt. [61].)

In their claim for fraudulent inducement in the proposed Second Amended Counterclaim, Defendants allege that "APF made material representations to the Ext-Indy Parties that the hotel renovation would allow

2

the Ext-Indy Parties to secure loans for refinancing and renovation of the Property and that the increased revenues generated from the improved hotel Property would satisfy the Ext-Indy Parties' debt obligations." (Defs.' Proposed 2d Am. Countercl., Dkt. [61-1] ¶ 89.) Defendants further allege that Plaintiff knew or should have known that Ext-Indy could not meet the equity contributions required by the Equipment Loan and would be forced to default on the Loan. (Id. ¶¶ 90, 92.) Defendants allege that Ext-Indy reasonably relied on APF's conduct, promises, and statements to enter into the Mortgage Loan, the Equipment Loan, and the Guaranty. (Id. ¶ 97.)

## Discussion

As a preliminary matter, the Court **DENIES** Access Point Financial, Inc.'s Motion for Leave to File Surreply [68]. "Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies." Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (internal citations omitted). "To allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." Garrison v. N.E. Ga. Med. Ctr., Inc., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999) (declining to permit surreply). Rather, surreplies typically will be

3

permitted by the Court only in unusual circumstances, such as where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review. See, e.g., Fedrick, 366 F. Supp. 2d at 1197.  In this case, no exceptional circumstances warrant permitting surreply.  Access Point Financial, Inc.'s Motion for Leave to File Surreply [68] is therefore **DENIED**.

The Court now turns to Defendants' Motion for Leave to Amend.

## I.     Legal Standard

When a motion to amend is filed after a scheduling order deadline, Federal Rule of Civil Procedure 16 is the proper guide for determining whether a party's delay may be excused. S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir. 2009) (citing Sosa v. Airprint Sys., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)). A scheduling order may be modified only for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). The key to good cause is diligence. Sosa, 133 F.3d at 1419.

The Eleventh Circuit has found three factors a court must consider when evaluating diligence: "(1) [whether] the [party seeking amendment] failed to ascertain facts prior to filing the [pleading] and to acquire information during

the discovery period; (2) [whether] the information supporting the proposed amendment was available to the [party seeking amendment]; and (3) even after acquiring information, [whether] the [party seeking amendment was] delayed in asking for amendment." Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc., 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) (citations omitted).

Defendants must satisfy not only Rule 16(b)(4), but also Federal Rule of Civil Procedure 15. Rule 15 directs the Court to "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Despite this instruction, leave to amend is "by no means automatic." Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979). The trial court has "extensive discretion" in deciding whether to grant leave to amend. Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999). A trial court may choose not to allow a party to amend "when the amendment would prejudice the [other party], follows undue delays or is futile." Id.

## II. Analysis

First, Plaintiff opposes Defendants' Motion on grounds that it is untimely. (Pl.'s Resp., Dkt. [64] at 11.) Plaintiff points to the parties' agreement, in their Joint Preliminary Report and Discovery Plan, that:

5

"Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law." (Joint Preliminary Report and Discovery Plan, Dkt. [16] at 18.) But the Discovery Plan also provides that "[t]he parties reserve their right to amend the pleadings in accordance with the Federal Rules of Civil Procedure" and that "[a]mendments and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15." (Id. at 17.) Accordingly, the Court will consider whether the proposed Amendment is permitted under the Federal Rules, beginning first with Federal Rule of Civil Procedure 16(b)(4).

Defendants have been diligent under the Eleventh Circuit's three-factor test. The Court first asks whether a party failed "to acquire information during the discovery period." Auto-Owners, 648 F. Supp. 2d at 1375. The Court finds that Defendants did not fail to acquire information during the discovery period. In fact, Defendants base the proposed counterclaim on information that was obtained, corroborated, or clarified during discovery. (Defs.' Mot. for Leave to Am., Dkt. [61] at 5.) This acquisition of information during discovery suggests

6

that Defendants were reasonably diligent in seeking out and securing that information.

The second factor of the Eleventh Circuit's diligence analysis also supports a finding of Defendants' diligence. The Court asks "[whether] the information supporting the proposed amendment was available." Auto-Owners, 648 F. Supp. 2d at 1375.  Here, Defendants propose to amend their Counterclaim based on information learned as a result of the "first round of requests for discovery."  (Defs.' Mot. to Am., Dkt. [61] at 5.)

The third factor also points to Defendants' diligence. The Court asks "[whether] the [party seeking amendment was] delayed in asking for amendment." Auto-Owners, 648 F. Supp. 2d at 1375. The Court finds that Defendants did not unduly delay in asking for amendment.  In many cases where courts have denied leave to amend, plaintiffs or defendants had waited for months or even years before requesting such leave. See, e.g., Quinn v. Deutsche Bank Nat'l Trust Co., 2015 WL 5155070, at *3 (11th Cir.  Sept. 3, 2015) (affirming district court's refusal to grant leave to amend when plaintiff had waited seven months after deadline for amended pleading); Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1250 (11th Cir. 2015) (upholding

7

district court's refusal to grant leave to amend when plaintiff had waited two years after original complaint); Anderson v. Brown Indus., 2015 WL 3540378, at *1 (11th Cir. June 8, 2015) (holding that district court had not abused discretion when it denied motion for leave to amend filed eight months after scheduling order's deadline). In contrast to the moving parties in those cases, Defendants in this case filed their Amendment before the end of the extended discovery period.  On June 15, 2015, the Court issued an Order [60] granting the parties' joint Motion for Extension of Time to Complete Discovery [59]. That Order extended the discovery period to September 30, 2015.  Defendants filed this Motion for Leave to File Second Amended Counterclaim on July 30, 2015.  Accordingly, the Court finds that the third factor also weighs in favor of Defendants' diligence.

Having found that the Amended Counterclaim complies with Federal Rule of Civil Procedure 16, the Court now turns to the requirements of Federal Rule 15.  As a backdrop to this analysis, the Court reiterates that the Federal Rules of Civil Procedure provide that leave to amend a pleading should be given "freely" "when justice so requires."  FED. R. CIV. P. 15(a)(2).  The Court finds that the majority of the Foman factors weigh in favor of permitting

8

Defendants' amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court does not find undue delay, bad faith, or dilatory motive on the part of the movant.  Nor has there been repeated failure to cure deficiencies by previous amendments.  Additionally, because the case is in its early stages, Plaintiff will suffer no undue prejudice if the Court allows the amendment.  As such, the Court's analysis under Rule 15 focuses on the futility of the proposed amendment.

Plaintiff argues that Defendants' proposed amendment is futile because (1) in the Forbearance Agreement, Defendants released all claims against APF;[1] (2) Defendants' allegations are insufficient to state a claim for fraudulent inducement under Georgia law; and (3) Defendants' proposed counterclaim is not plead with sufficient particularity.  Construing the allegations in the proposed counterclaim as favorably to Defendants as possible, the Court finds the proposed amendment futile because it does not state a valid claim for fraudulent inducement.

Under Georgia law, the party seeking to void a contract based upon fraud

---

[1] The Court is not convinced that the Forbearance Agreement would not bar Defendants' fraudulent inducement counterclaim, but in light of the Court's holding below, the Court does not reach this issue.

9

in the inducement must prove five elements: "(1) a false representation or concealment of a material fact; (2) that the defendant knew the representations or concealment were false; (3) an intent to induce the allegedly defrauded party to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damages as a result of the false representations or concealment." Earthcam, Inc. v. Oxblue Corp., No. 1:11-CV-2278-WSD, 2014 WL 793522, at *2 (N.D. Ga. Feb. 26, 2014) (citing Pacheco v. Charles Crews Custom Homes, 289 Ga. App. 773, 658 S.E.2d 396, 398 (2008). What is more, Georgia law provides that "the only fraud which would relieve a party from an obligation which he has signed, where that party can read and write and is not otherwise under any disability, is that fraud which prevents him from reading what he signed." McLemore v. Sw. Georgia Farm Credit, ACA, 230 Ga. App. 85, 87-88, 495 S.E.2d 335, 337-38 (1998) (quoting Marchman Oil, etc., Co. v. Southern Petroleum Trading Co., 167 Ga. App. 691(1), 307 S.E.2d 509 (1983)). Put another way, absent a showing of a fraud that prevented Defendants from reading the Equipment Loan agreement, which agreement clearly set out the terms, Defendants cannot prevail on a theory that Plaintiff's oral representations fraudulently induced Defendants' written agreement. Corso

Properties, LLC v. Branch Banking & Trust Co., No. 1:12-CV-3128-JEC, 2013 WL 5423437, at *5 (N.D. Ga. Sept. 26, 2013).  The proposed Second Amended Counterclaim contains no such allegation with regard to the Equipment Loan or any other agreement.

Even construing the proposed Second Amended Counterclaim in Defendants' favor, this Court has had a hard time understanding what Defendants are alleging as the basis of their counterclaim.  While Defendants argue that Plaintiff "erroneously describes" the basis of the counterclaim as "alleged representations by APF relating to Counterclaimants' financial capabilities," Defendants themselves do not adequately explain to the Court what in fact *does* form the basis of the counterclaim.  (See Defs.' Reply in Supp. of Defs.' Mot. to File 2d Am. Countercl., Dkt. [66] at 6-7.)  Defendants state that "the claim is premised on APF's promise to perform its obligations under the Loans (the promise of a future event)."  (Id. at 7.)  But the proposed Second Amended Counterclaim does not state which, if any, future event failed to occur or which obligations APF failed to perform.

Here, Defendants have not alleged sufficient facts to form a basis for a fraudulent inducement claim under Georgia law.  Because the claim would

11

AO 72A
(Rev.8/82)

necessarily fail, allowing Defendants to amend the counterclaim would be futile. As such, the Court **DENIES** Defendants' Motion for Leave to File Second Amended Counterclaim.

## Conclusion

In accordance with the foregoing, Defendants Ext-Indy Suites, LLC, Ryszard J. Zadow and Claire J. Zadow's Motion for Leave to File Second Amended Counterclaim for Damages and Incorporated Memorandum of Law in Support Thereof [61] is **DENIED**. Access Point Financial, Inc.'s Motion for Leave to File Surreply [68] is also **DENIED**.

**SO ORDERED**, this 9th day of March, 2016.

_____
**RICHARD W. STORY**
United States District Judge